CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 08 2018
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAYNE EDWARD HAILEY, | ) | Civil Action No. 7:17-cv-00260 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. CLARY, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

Wayne Edward Hailey, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names three defendants who are associated with the Keen Mountain Correctional Center ("KMCC"): R. Clary, the Assistant Warden; D. Turner, a Unit Manager; and Lt. D. Owens, the Institutional Classification Authority. Plaintiff alleges that Defendants were deliberately indifferent to cruel and unusual living conditions in violation of the Eighth Amendment of the United States Constitution. Defendants filed a motion for summary judgment, and Plaintiff responded, making this matter ripe for disposition.[1] After reviewing the record, the court grants Defendants' motion for summary judgment because Plaintiff failed to exhaust available administrative remedies.

I.

During May 18 and 19, 2016, at KMCC, Plaintiff was strapped to a bed via five-point restraints and was allegedly forced to lay in his waste without water or bathroom breaks for twenty-four hours. He alleges that each defendant came into his cell, observed his condition, did nothing about it, and threatened to increase the time he would remain restrained.

Plaintiff wrote a regular grievance on October 13, 2016, claiming that he had sent two informal complaint forms about being in five-point restraints to the KMCC Operations Officer at some unspecified time. The KMCC Grievance Coordinator rejected the regular grievance at intake

---

[1] Plaintiff captions his two responses as "counter-affidavits," but neither of them qualifies as such.

for failing to submit an informal complaint about the delayed response and further noted that she had not received the informal complaints. Notably, Plaintiff did not appeal the intake decision.

Plaintiff filed an informal complaint on December 25, 2016, complaining about being in five-point restraints in May 2016. Unit Manager Turner responded on January 10, 2017, explaining why five-point restraints had been used.

Plaintiff filed a regular grievance on January 27, 2017, complaining again of the five-point restraints used in May 2016. The regular grievance was rejected at intake as untimely filed, and Plaintiff appealed. The Regional Ombudsman determined that Plaintiff did not file the appeal within the five day allowance and upheld the intake decision.

## II.
### A.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820,

823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

## B.

Defendants argue in their motion for summary judgment that Plaintiff failed to exhaust available administrative remedies. The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." Ross v. Blake, 578 U.S. __, 136 S. Ct. 1850, 1859 (2016).

OP 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and

3

procedures. The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control. Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities.

Before submitting a grievance, an inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units.[2] If the issue is not informally resolved, the inmate must file a regular grievance within thirty calendar days from "the date of occurrence/incident or discovery of the occurrence/incident" except in certain circumstances like events beyond the inmate's control. Regular grievances that do not meet the filing requirements of OP 866.1 are returned to the inmate within two working days from staff's receipt. An inmate may appeal an intake decision by sending the grievance and the intake decision to a regional ombudsman within five days of receipt. There is no further review of the intake decision.[3]

It is uncontroverted that Plaintiff did not file a regular grievance within thirty days of May 18 or 19, 2016. Plaintiff argues in response to the motion for summary judgment that he exhausted administrative remedies when he appealed the rejection of the second grievance to the Regional Ombudsman. However, Plaintiff fails to establish that he timely appealed the intake decision.

---

[2] An inmate is not required, however, to file an informal complaint about an alleged incident of sexual abuse.
[3] Grievances that are accepted at intake receive up to three levels of review. A warden conducts the first, "Level I" review. If the inmate is unsatisfied with the Level I determination, the inmate may appeal the determination within five days of receipt to Level II, which is usually done by a regional ombudsman. For most issues, Level II is the final level of review. For the few issues appealable to Level III, the inmate may appeal the Level II determination within five days of receipt to a deputy director or the Director of the VDOC.

More importantly, OP 866.1 clearly explains that proper exhaustion requires the submission of a regular grievance within thirty days of the occurrence that is both accepted at intake and then appealed to highest level of review. Appealing an intake decision that rejects an untimely regular grievance does not constitute valid exhaustion of remedies under OP 866.1. See Jackson v. Barksdale, Civil Action No. 7:17cv00031, 2017 U.S. Dist. LEXIS 126723, at *19, 2017 WL 3446259, at *3 (W.D. Va. Aug. 10, 2017) (recognizing a regular grievance's rejection at intake, even if appealed, does not constitute exhaustion, and to qualify as such, it must be resubmitted, accepted, and appealed to the highest level), aff'd, 707 F. App'x 786 (4th Cir. 2018). An administrative remedy process does not become "unavailable" when an inmate does not comply with procedural rules. Woodford v. Ngo, 548 U.S. 81, 95 (2006). A court may not excuse a failure to exhaust available remedies, even to take into account "special circumstances." Ross, 136 S. Ct. at 1856. Accordingly, Plaintiff fails to carry his burden to show exhaustion occurred or that remedies were made unavailable through no fault of his own, and Defendants are entitled to summary judgment.

### III.

For the foregoing reasons, the court grants Defendants' motion for summary judgment. Plaintiff's "motion for discovery," which seeks only a copy of video recordings of him in five-point restraints for the court's and jury's benefit, is denied as not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

**ENTER:** This 7th day of May, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge